**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ALEX ULLOA,** | **Civil Action No. 25-1871 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **WARDEN, FCI FORT DIX,** | |
| **Respondent.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") filed by Petitioner Alex Ulloa, a federal prisoner presently detained in FCI Fort Dix.  (ECF No. 1).  He has also filed a motion to expedite the proceedings ("Motion").  (ECF No. 17).

2.      In 2021, Petitioner received a 120-month sentence for conspiracy to distribute and possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), 846.  *United States v. Ulloa*, No. 19-cv-0707 (S.D.N.Y. Dec. 14, 2021); (ECF No. 13-2 at 2).  In 2023, he received a one-month sentence, to be served consecutively to his first sentence, for possessing contraband in prison, 18 U.S.C. §§ 1791(a)(2), (d)(1)(F).  *United States v. Ulloa*, No. 22-cv-0409 (M.D. Pa. Jan. 23, 2023); (ECF No. 13-2 at 3).  The Bureau of Prisons ("BOP") calculates Petitioner's release date as May 19, 2028.  (ECF No. 13-2 at 4).

3.      Petitioner argues that the BOP improperly revoked time credits that he earned pursuant to the First Step Act of 2018 ("FSA").  (ECF No. 1 at 2).  He states that he "was determined to be eligible for [FSA] earned time credits, actively participated in evidence-based recidivism reduction programming, and accumulated a substantial number of credits before a

disciplinary incident resulted in a short-term change in his custody classification." (ECF No. 15 at 2).[1] "Thereafter, the BOP not only suspended his ability to earn additional credits, as permitted during periods of segregation of loss of privileges, but also retroactively voided all previously earned credits, despite the absence of any policy or regulation authorizing such drastic punitive action." (*Id.*) He asks this Court to order the BOP to reinstate his credits and permit him to earn credits during his sentence. (ECF No. 1 at 6).

4.    "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

5.    A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973*); see also Muhammad v. Close*, 540 U.S. 749 (2004).

6.    A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

7.    Respondent argues that the Petition is duplicative of a § 2241 petition that the District Court for the Middle District of Pennsylvania ("Middle District") denied in 2023. (ECF No. 13 at 11); *see also Ulloa v. Cruz*, No. 23-cv-0776, 2024 WL 1117092 (M.D. Pa. Mar. 14, 2024), *appeal dismissed sub nom. Ulloa v. United States*, No. 24-2244, 2024 WL 5305111 (3d Cir.

---

[1] Petitioner challenged this disciplinary infraction in a separate § 2241 proceeding that was denied July 3, 2024. *Ulloa v. Warden of FCI-Fort Dix*, No. 23-cv-23018 (D.N.J. July. 3, 2024).

Aug. 13, 2024).  In the alternative, Respondent argues that Petitioner is statutorily ineligible to receive FSA credits due to his § 1791 conviction.  (ECF No. 13 at 14).

8.    This Court disagrees that the Petition is duplicative of the one filed in the Middle District.  Petitioner argued before the Middle District that he began program participation in 2019, but the BOP did not award him FSA credits until 2021.  *Ulloa*, 2024 WL 1117092, at *1.  Here, Petitioner argues that the BOP revoked previously earned credits and banned him from earning future credits.  (ECF No. 1 at 2).  In other words, Petitioner's Middle District petition concerned his credits between 2019 and 2021; the current Petition concerns credits earned between 2021 and 2023.  Although both petitions involve similar legal issues, they technically raise different arguments.  This Court will not dismiss the Petition as duplicative.

9.    Under the FSA, federal prisoners who complete "evidence-based recidivism reduction programming or productive activities" are entitled to earn good conduct credits to be applied towards early supervised release.  18 U.S.C. § 3632(d)(4)(A).  However, the FSA "provides an extensive list of offenses that render a prisoner 'ineligible to receive [FSA] time credits' if the prisoner 'is serving a sentence for a conviction' for any of the enumerated offenses." *Ulloa*, No. 23-cv-0776, 2024 WL 1117092, at *2 (alteration in original).  The possession of contraband in prison in violation of § 1791 is one of them.  18 U.S.C. § 3632(d)(4)(D)(xxix).

10.    As the Middle District noted, Petitioner is statutorily ineligible to earn credits because he is serving an aggregate sentence with a disqualifying offense.  *Ulloa*, 2024 WL 1117092, at *2; *see also* 18 U.S.C. § 3584(c); *Giovinco v. Pullen*, 118 F.4th 527, 533 & n.4 (2d Cir. 2024), *cert. denied sub nom. Giovinco v. Flowers*, 145 S. Ct. 1947 (2025); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *1-2 (3d Cir. July 17, 2023)  (holding that consecutive sentences should be aggregated and treated as single sentence for purposes of

3

determining FSA eligibility); *Smith v. Thompson*, No. 24-cv-9295, 2024 WL 4635300 (D.N.J. Oct. 30, 2024), *appeal dismissed sub nom. Smith v. Warden Fort Dix FCI*, No. 25-1192, 2025 WL 2215898 (3d Cir. May 16, 2025).  Therefore, the BOP properly concluded that Petitioner is ineligible to earn future FSA credits.

11.     Petitioner also argues that the BOP does not have the authority to revoke credits that he earned before he was convicted of possessing contraband.  (ECF No. 15 at 3).  According to Petitioner, BOP "policy clearly distinguishes between *suspension* of earning capability and *forfeiture* of already-earned credits."  (*Id.* (emphasis in original)).  He urges this Court not to defer to the BOP's interpretation of § 3584(c) pursuant to the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024).  (*Id.* at 4).

12.     Petitioner's argument has a faulty premise.  The BOP did not "revoke" Petitioner's credits due a disciplinary infraction; Petitioner became ineligible to have the credits applied to his sentence after his § 1791 conviction.

13.     "[W]hen a prisoner is convicted and sentenced for disqualifying and non-disqualifying offenses, those sentences—regardless of whether they are ordered to run concurrently or consecutively—are properly aggregated and treated as a single sentence that is ineligible for application of FSA credits."  *Ulloa*, 2024 WL 1117092, at *2; *see also* 18 U.S.C. § 3584(c); *Giovinco v. Pullen*, 118 F.4th 527, 533 & n.4 (2d Cir. 2024), *cert. denied sub nom. Giovinco v. Flowers*, 145 S. Ct. 1947 (2025); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *1-2 (3d Cir. July 17, 2023)  (holding that consecutive sentences should be aggregated and treated as single sentence for purposes of determining FSA eligibility); *Smith v. Thompson*, No. 24-cv-9295, 2024 WL 4635300 (D.N.J. Oct. 30, 2024), *appeal dismissed sub nom. Smith v. Warden Fort Dix FCI*, No. 25-1192, 2025 WL 2215898 (3d Cir. May 16, 2025).

14.    Although Petitioner "may have been sentenced a number of times for a number of crimes, his 'sentence' is an undivided whole—it is one sentence as determined by the BOP in calculating how long he will remain in federal custody." *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020).

15.    The FSA was "designed to identify certain prisoners for early release—prisoners whom Congress has determined to be at low risk for recidivism and violence—and to provide them benefits, while detaining high-risk prisoners based on their elevated threat to recidivate." *Bonnie v. Dunbar*, 157 F.4th 610, 618 (4th Cir. 2025).  "Thus, in a case where the defendant has been convicted of a multi-term sentence, if the defendant is incarcerated for conduct disqualifying him for FSA credits, whether supporting his entire sentence or only a part, that conduct predicts, as Congress has determined, that he has a high risk of recidivism and therefore is disqualified from receiving FSA time credits." *Id.*  "[T]hat high risk is not eliminated by the fact that the prisoner also committed a nondisqualifying crime.  In short, the fact that the prisoner committed a disqualifying crime predicts a high risk of recidivism, which is the whole underlying basis for the FSA's denial of FSA time credits." *Id.*

16.    Put differently, FSA credits are a reward for good behavior and participating in programs that are designed to reduce a prisoner's recidivism risk.  Receipt of those credits is contingent on continuing good behavior and compliance with the statute. *See* 18 U.S.C. §§ 3624(g)(1), 3632(d)(4)(C).  Allowing prisoners who commit disqualifying offenses to reap the rewards of participating in recidivism-risk-reduction programs would be contrary to Congress's intent in passing the FSA.

17.    Similarly, courts in this District have concluded that "federal prisoners with final removal orders are explicitly excluded from the class of persons who are eligible to apply good

conduct credits to their sentences regardless of when those credits were 'earned.'" *Posso v. Warden FCI Fort Dix*, No. 24-cv-4555, 2024 WL 4615671, at *3 (D.N.J. Oct. 29, 2024) (citing cases).

18.     As in those cases, Petitioner's interest in his FSA credits "was always dependent on not having a [disqualifying offense], and it is the clear language of the statute, and not the BOP, which has deprived him of the ability to apply his credits." *Fernandez v. Warden, FCI Ft. Dix*, No. 24-cv-9014, 2024 WL 4542198, at *1 (D.N.J. Oct. 21, 2024).

19.     Therefore, this Court concludes that Petition is ineligible to have any FSA credits applied to his sentence.  The habeas petition will be denied, and the Motion will be dismissed as moot.

20.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: June 2, 2026

6